IN THE MATTER OF THE ADMINISTRATION OF THE ESTATE OF S. WARD BANKS, DECEASED.

(Filed 13 April, 1938.)

**Executors and Administrators § 4—In special proceeding to remove administratrix, her rights as distributee may not be determined.**

In this special proceeding to remove an administratrix, order revoking letters was issued upon the court's finding that the administratrix was not a resident of the State at the time of her qualification, C. S., 8 (2). The court then adjudicated her right to receive a widow's distributive share of the estate. *Held:* The order of revocation is affirmed, but the adjudication of her right to receive a distributive share is stricken out, since that question was not before the court, her right as a distributee being determinable only in an action or proceeding in which both she and the administrator are parties. C. S., 147.

APPEAL by petitioners in special proceeding from *Frizzelle, Presiding Judge of the Fifth Judicial District,* at Bayboro, PAMLICO County, 9 October, 1937.

*Sutton & Greene and Ward & Ward for petitioners, appellants.*
*Julius Dees and D. L. Ward for respondent, appellee.*

SCHENCK, J.  This is a special proceeding instituted before the clerk of Pamlico County Superior Court to remove Margaret T. Banks as administratrix of the estate of S. Ward Banks, who died 13 April, 1937. Margaret T. Banks was married to the deceased in 1927.  The petition alleges that the said Margaret T. Banks was not entitled to letters of administration for the reason (1) that she had eloped and was living in adultery at the time of the death of S. Ward Banks, (2) that she had procured an absolute divorce from S. Ward Banks in the state of Florida, (3) that she was not a resident of the State of North Carolina at the time of her qualification as administratrix, and (4) that she is not a suitable and competent person to act as administratrix.

Hearing was had before the clerk who entered an order dismissing the proceeding, from which order petitioners appealed to the resident judge.

The cause came on to be heard by the resident judge who found, *inter alia,* that the said Margaret T. Banks was not a resident of the State of North Carolina at the time of her qualification as administratrix, and thereupon vacated the order of the clerk and adjudged that the letters of administration issued to Margaret T. Banks be revoked. C. S., 8(2).  To this finding of fact and adjudication there was no exception.

The judge further found as facts (1) that Margaret T. Banks had not eloped and lived in adultery, (2) that the divorce decree entered in the action instituted by her in Florida is null and void, and (3) that she is the widow of S. Ward Banks, deceased, and concluded as a matter of law that she is entitled to receive a widow's distributive share in the estate of said deceased.  To these findings of fact and conclusion of law the petitioners reserved exceptions and appealed to the Supreme Court.

The exceptions we think, and so hold, are well taken.  This is a special proceeding instituted before the clerk to remove an administratrix, and the question of the right of Margaret T. Banks to share as a distributee of the estate of S. Ward Banks, deceased, was not before the court for decision, for the reason that the estate was not represented in said proceeding.

We therefore conclude that the findings of fact and conclusion of law excepted to should be stricken from the judgment, and that the judgment should be affirmed only in so far as it vacates the order of the clerk and revokes the letters of administration issued to Margaret T. Banks, and it is so ordered.

In modifying the judgment below we do not intimate an opinion upon the question as to whether Margaret T. Banks is entitled to a distributive share in the estate of S. Ward Banks, deceased. Should this question arise by a refusal of the administrator to be appointed by the clerk to recognize Margaret T. Banks as a distributee it must be determined in an action or proceeding (C. S., 147) wherein such administrator and Margaret T. Banks are, respectively, parties.

The judgment as modified by this opinion is affirmed.

Modified and affirmed.